IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER L. PARKER,**

        **Petitioner,**

v.

**MELINDA EDDY,**

        **Respondent.**

**Case No. 23-CV-01641-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On May 10, 2023, petitioner Christopher L. Parker filed this matter pursuant to 28 U.S.C. § 2254 (Doc. 1). In lieu of a response, respondent Melissa Eddy ("Eddy") filed a motion to dismiss (Doc. 16)

On June 24, 2009, Parker pleaded guilty to one count of criminal sexual assault in the Seventh Judicial Circuit of the State of Illinois, *to wit:* Jersey County, Illinois, cause number 2007CF176 (Doc. 1). In accordance with the plea, Parker was sentenced to five years and 3 months incarceration, along with 3 years to life of mandatory supervised release (Doc. 1-1). Parker is currently incarcerated at Taylorville Correctional Center with a projected parole date of July 26, 2024[1].

It is well established that "a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (April 15, 2016 S.D. Ill.) (*citing Moleterno v. Nelson,* 114 F.3d 629, 633 (7th Cir. 1997)). Thus, a

---

[1] According to an inmate search on www.idoc.state.il.us (Last visited 9/13/2023).

petitioner can challenge his confinement under Section 2254 only after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill., November 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The failure to exhaust is a procedural bar that may be excused only if a habeas petitioner can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). Under this test, "cause" must be something "external to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

With respect to this matter, Parker claims that Grounds One and Two are purported violations of his Due Process and Equal Protection rights under the 14th Amendment to the U.S. Constitution and cites to two Illinois statutes, i.e. 730 ILCS 5/3-3-9(a)(3)(i)(C) and 730 ILCS 5/3-14-2.5(d) and (e) (Doc. 1, pp. 5, 7). As for Ground Three, Parker alleges that his 8th Amendment right against infliction of cruel and unusual punishment was violated and raises the same statutes (*Id.*, p. 8).  However, Parker has admitted in his petition that he did not raise any of these issues on appeal, through a post-conviction motion, or petition for habeas corpus in a state trial court" (*Id.*, p. 6, 7, 9).

Parker filed a memorandum of law contemporaneously with his petition for

habeas corpus wherein he attempts to explain why he did not exhaust the administrative remedies (Doc. 1-1). While he has made no allegation or argument showing cause for the failure to present his claim to the state courts, he claims that he is now time barred in state court from bringing a Petition for post-conviction or relief from judgment (Id.).

This Court is constrained to note that this is not Parker's first foray into federal court in this matter. Indeed, he has previously filed two separate petitions in this Court, *to wit*: *Parker v. Roeckeman,* 13-cv-206-DRH, *Parker v. Korte,* 16-cv-908-DRH. On both occasions, Judge Herndon dismissed Parker's petitions as unexhausted and advised him to proceed through one-full round of mandamus in the Illinois courts (See Doc. 16, Ex. A & B). Under Illinois law, a complaint for mandamus pursuant to 735 ILCS § 5/14-101 is the appropriate vehicle to compel a state agency to comply with state statutes or administrative rules, such as those governing the calculation of a prisoner's sentence. *VanSkike*, 2019 WL 6327195 * 3.

Additionally, the motion to dismiss was filed on August 2, 2023 (Doc. 16). On August 3, 2023, Parker was advised to file any response to said motion on or before September 5, 2023 (Doc. 17). As of September 13, 2023, no response has been received.

Pursuant to Local Rule 7.1(c), the failure to timely respond to a motion may, in the Court's discretion, be deemed an admission of the merits of the motion. Here, Parker has failed to file a timely response to the pending motion to dismiss. The Court finds that the motion by the Respondent has merit, and, as a result, it is appropriate to exercise discretion under Local Rule 7.1(c) to deem Parker's failure to

respond an admission of the merits of the motion to dismiss.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** the motion to dismiss (Doc. 16) filed by the Respondent and **DISMISSES** Parker's habeas corpus petition pursuant to 28 U.S.C. § 2254 due to his failure to exhaust administrative remedies prior to filing suit. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

**IT IS SO ORDERED.**

**DATED: September 13, 2023**

*s/Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**
